UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIOWA TRIBE AND COMANCHE NATION, | § § § § |
| Plaintiffs, | § § |
| v. | §  Case. No. 5:22-CV-00425 § |
| THE UNITED STATES DEPARTMENT OF THE INTERIOR, ET AL. | § Hon. Charles B. Goodwin § § § |
| Defendants. | § § § |

**SPECIAL APPEARANCE OF THE FORT SILL APACHE TRIBE DEFENDANTS' & SUPPLEMENTAL MOTION TO DISMISS LACK OF STANDING & FAILURE TO STATE A CLAIM**

Defendants Lori Gooday Ware, Chairwoman, Pamela Eagleshield, Vice Chairman, James Dempsey, Secretary-Treasurer, Jeanette Mann, Committee Member, Jennifer Heminokeky, Committee Member, Dolly Loretta Buckner, Committee Member, Philip Koszarek, Chairman of the Fort Sill Apache Gaming Commission, Naomi Hartford, Vice-Chairman of the Fort Sill Apache Gaming Commission, Michael Crump, Commissioner of the Fort Sill Apache Gaming Commission, Lauren Pinola, Commissioner of the Fort Sill Apache Gaming Commission, and Debbie Baker, Commission of the Fort Sill Apache

1

Gaming Commission[1], specially appear and hereby file their Supplemental Motion to Dismiss the Comanche Nation for Lack of Standing and Failure to State a Claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The FSA Defendants incorporate by reference all facts, arguments and authorities stated in their *Motion to Dismiss* (Doc. No. 59) and *Reply in Support of Motion to Dismiss* (Doc. No. 91) as though fully set forth herein. In support, the FSAT Defendants state as follows:

I.   **STATEMENT OF FACTS**

1. The FSAT is a federally recognized Indian Tribe. Doc. No. 51, Plaintiff's First Amended Complaint (FAC), ¶1.

2. The FSAT opened a casino in the Summer of 2022. *Id.*

3. The "Tsalote Allotment," also known as the "Apache Wye" property, is a former Kiowa allotment held in trust by the United States of America, that, in 2001, was transferred to "the United States of America in trust for the Fort Sill Apache Tribe of Oklahoma." *Id.* at ¶28.

4. On March 9, 2023, the FSAT Defendants, United States Department of the Interior, Bryan Newland, Darryl LaCounte, and the Kiowa Tribe entered into a settlement agreement and compromise (the "Settlement") that resolves the litigation between these

---

[1] Defendants Lori Gooday Ware, Pamela Eagleshield, James Dempsey, Jeanette Mann, Jennifer Heminokeky, Dolly Loretta Buckner, Philip Koszarek, Naomi Hartford, Michael Crump, Lauren Pinola, and Debbie Baker are referred to herein as the "Fort Sill Apache Tribe Defendants" or the "FSAT Defendants."

parties and releases all claims between the parties. The Kiowa Tribe has filed a Notice of Voluntary Dismissal with the Court [Doc. No. 117] dismissing all its claims with prejudice.

    5.    As a result of the Kiowa Tribe's dismissal of all their claims with prejudice, the Comanche Nation is the only plaintiff remaining in this litigation. *Id*.

## II. ARGUMENT AND AUTHORIES
### A. <u>THE COMANCHE NATION LACKS STANDING AND THEREFORE SUBJECT MATTER JURISDICTION DOES NOT EXIST</u>

The issue of Article III standing can be raised before the Court at any time. *See Wilson v. Glenwood Intermountain Props., Inc.*, 98 F.3d 590, 492-93 (10th Cir. 1996). "Whether a claimant has constitutional standing is a threshold jurisdictional question." *United States v. $148,840.00 in U.S. Currency*, 521 F.3d 1268, 1273 (10th Cir. 2008).

Article III, § 2 of the U.S. Constitution limits federal jurisdiction to "cases and controversies." Challenges to subject matter jurisdiction are typically lodged in one of two ways: (1) facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) evidence challenging actual facts upon which subject matter jurisdiction is based. *See e.g., Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 1995) and *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004). When a defendant raises the issue of subject matter jurisdiction, the plaintiff bears the burden of proving that jurisdiction exists in the federal courts. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Standing to sue "is a threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Article III standing requires: (1) an injury in fact, (2) a causal relationship between the challenged

conduct and the injury; and (3) that the injury likely will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). When "a case is at the pleading stage, the plaintiff must 'clearly…allege facts demonstrating' each element." *Laufer v. Laxmi & Sons,* 2020 WL 2200207, at *2 (N.D.N.Y. May 6, 2020)(citing *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016)).

Now that the Kiowa Tribe has settled their claims against all Defendants, the Comanche Nation, as the sole remaining Plaintiff, failed to allege facts in its First Amended Complaint demonstrating that: 1) it has suffered a particularized injured; 2) that there is a causal relationship between the challenged conduct and the injury; and 3) that a favorable decision will redress their alleged damages.

### a. The Comanche Nation's Claims Under 25 CFR § 151.8 Should be Dismissed

The Comanche Nation's first cause of action seeks a declaration from this Court that the Apache Wye is not owned by the Fort Sill Apache Tribe. The Comanche Nation's claim is based in 25 CFR § 151.8, which states as follows:

> An individual Indian or tribe may acquire land in trust status on a reservation other than its own only when the governing body of the tribe having jurisdiction over such reservation consents in writing to the acquisition; provided, that such consent shall not be required if the individual Indian or the tribe already owns an undivided trust or restricted interest in the parcel of land to be acquired.

The Comanche Nation's claim for declaratory relief must be dismissed because the Kiowa Comanche Apache Reservation (the "KCA Reservation") was disestablished in 1900 and the Comanche Nation has not alleged that it ever owned the Apache Wye. The Comanche Nation did not, and does not, exercise jurisdiction over the Apache Wye at any time

4

relevant to its claims. *See Martinez v. State*, 2021 OK CR 40, ¶ 12, 502 P.3d 1115, 1118 (holding that the Kiowa Comanche Apache Reservation was disestablished by an act of the United States Congress in 1900).

As a rule, the Secretary of the Interior has broad discretion under the Indian Reorganization Act (the "IRA") to decide whether to transfer land in trust for the benefit of Indian tribes. *Sac & Fox Nation of Missouri v. Norton*, 240 F.3d 1250, 1261 (10th Cir. 2001). When the Secretary of the Interior acts pursuant to the IRA, title to any such lands is transferred "in the name of the United States in trust for the Indian tribe or individual Indian for which the land is acquired." 25 U.S.C. § 465. To assist in deciding which lands are to be transferred under the IRA, the Secretary of the Interior has promulgated regulations which state in pertinent part:

> (a) Subject to the provisions contained in the acts of Congress which authorize land acquisitions, land may be acquired for a tribe in trust status: (1) when the property is located within the exterior boundaries of the tribe's reservation or adjacent thereto, or within a tribal consolidation area; or (2) **when the tribe already owns an interest in the land**; or (3) when the Secretary determines that the acquisition of the land is necessary to facilitate tribal self-determination, economic development, or Indian housing.

25 C.F.R. § 151.3(a)(emphasis added). In the present instance, the Secretary of the Interior used the wide discretion granted his office to transfer the Apache Wye from being held in trust on behalf of the Kiowa Tribe to being held in trust for the Fort Sill Apache Tribe following the Fort Still Apache Tribe's purchase of the land. The Apache Wye was: 1) formerly a Kiowa Allotment held in trust for the benefit of the Kiowa Tribe; 2) was purchased by the Fort Sill Apache Tribe; and 3) was then transferred into trust on behalf of the Fort Sill Apache Tribe from the Kiowa Tribe.

5

The FSAT Defendants argue that neither the Comanche Nation nor the Kiowa Tribe have grounds to challenge the decision of the Secretary of the Interior in its *Motion to Dismiss* (Doc. No. 59). However, the Kiowa Tribe could at least make a colorable argument that it suffered an injury because the Apache Wye was previously a Kiowa Allotment prior to it its purchase and subsequent transfer into trust for the Fort Sill Apache Tribe. The Comanche Nation can make no such argument.

The Apache Wye is not land that is part of a Comanche Nation Reservation, because no such reservation exists. It is not a former Comanche Allotment. The property in question was not transferred into trust from the Comanche Nation to the Fort Sill Apache Tribe and the Comanche Nation has not suffered an injury that can be redressed by a favorable decision of this Court. As such, the Comanche Nation has no Article III standing to bring its claims.

Furthermore, as discussed in more detail below, the Kiowa Tribe has the same rights and authority as the Comanche Nation in regard to the Medicine Lodge Treaties and the former KCA Reservation. As such, the Kiowa Tribe's settlement, which releases all claims to jurisdiction over the Apache Wye, resolves any claims the Comanche Nation has alleged under 15 CFR § 151.8 (Doc. No. 117).

### b. The Comanche Nation has not alleged particularized damages

For there to exist a case in controversy under Article III, the Comanche Nation must have a personal stake in the case. *Raines v. Byrd*, 521 U.S. 811, 819, 117 S. Ct. 2312, 2317, 138 L. Ed. 2d 849 (1997). To demonstrate this personal stake, the Comanche Nation must be able to sufficiently answer the simple question, "What's it to you?" *TransUnion LLC v.*

6

*Ramirez*, 210 L. Ed. 2d 568, 141 S. Ct. 2190, 2203 (2021). Requiring a plaintiff to demonstrate a concrete and particularized injury caused by the defendant and redressable by the Court ensures that federal courts decide only "the rights of individuals," *Marbury v. Madison*, 5 U.S. 137, 170, 2 L. Ed. 60 (1803), and that federal courts exercise "their proper function in a limited and separated government," Roberts, Article III Limits on Statutory Standing, 42 Duke L. J. 1219, 1224 (1993). Article III standing requires a concrete injury in fact, even in the context of a statutory violation. *TransUnion LLC v. Ramirez*, 210 L. Ed. 2d 568, 141 S. Ct. 2190, 2205 (2021).

The Comanche Nation has no concrete or particularized injury. The Apache Wye has not been under the jurisdiction of the Comanche Nation at any time relevant to this litigation. The Apache Wye is a former Kiowa Tribe allotment transferred to the Fort Sill Apache Tribe. The only potential injury alleged by the Comanche Nation is that the Warm Springs Casino will compete with the Comanche Nation's other casinos in the area. *See First Amended Complaint*, Doc. No. 51, ¶127. Losses suffered because of market competition are not considered damages for the sake of standing. *Cargill, Inc. v. Monfort of Colorado, Inc.*, 479 U.S. 104, 122, 107 S. Ct. 484, 495, 93 L. Ed. 2d 427 (1986). In fact, the Supreme Court of the United States has held that it is unclear whether enhanced competition is damage because competition between business interests are often mutually beneficial. *Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 539, 103 S. Ct. 897, 909, 74 L. Ed. 2d 723 (1983).

Whether the Comanche Nation brings claims against the FSA Defendants under treaty, statute, or tort, it must allege it suffered a concrete and particularized injury that

affects it in a personal and individual way. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339, 136 S. Ct. 1540, 1548, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). The injuries the Comanche Nation claims to have suffered at the hands of the FSA Defendants are not in any way, shape or form particular to the Comanche Nation. Rather, every gaming operation in Southwest Oklahoma will experience increased competition because of the opening of any new casino, regardless of ownership, treaty, or statute. The Comanche Nation has no particularized damages and its claims should be dismissed as a result.

### c. The Comanche Nation's Claims for Violation of the First Treaty of Medicine Lodge Should be Dismissed

The Comanche Nation claims that the First Treaty of Medicine Lodge provides that any tribe seeking to use land in the KCA Reservation must seek the approval of the Comanche Nation. ¶¶75-81. This is false for two reasons. First, as noted above, the KCA Reservation was disestablished in 1900. *See Martinez v. State*, 2021 OK CR 40, ¶ 12, 502 P.3d 1115, 1118. As such, there is no KCA Reservation reserved for the exclusive use and occupation of the Comanche Nation. *Id*.

Secondly, the Apache Wye is not and was not, a Comanche Nation Allotment. The Apache Wye was a former Kiowa Allotment held in trust for the benefit of the Kiowa Tribe until it was transferred into trust for the benefit of the Fort Sill Apache Tribe. The Comanche Nation does not, and did not, have the right to tax, regulate, or otherwise exercise jurisdiction over the activities on the land known as the Apache Wye. *Quapaw Tribe of Oklahoma v. Blue Tee Corp.*, 653 F. Supp. 2d 1166, 1188 (N.D. Okla. 2009) (defining tribal jurisdiction as the power to "…regulate, through taxation, licensing, or

other means, the activities of nonmembers who enter consensual relationships with the tribe or its members through commercial dealings, contracts, leases, or other arrangements" or the "power to exercise civil authority over conduct…[that] threatens or has some direct effect on the political integrity, the economic security, or the health and welfare of the tribe."). The Comanche Nation has not had jurisdiction over the Apache Wye at any time relevant to these proceedings.

The Comanche Nation has suffered no damages, and can suffer no damages, as a result of the Secretary of the Interior transferring the Apache Wye from being held in trust for the Kiowa Tribe to being held in trust for the Fort Sill Apache Tribe. To prove an injury in fact, the Comanche Nation must establish an actual or imminent impairment of their interest in the Apache Wye. *Kane Cnty., Utah v. United States*, 928 F.3d 877, 888 (10th Cir. 2019) (holding that, in bringing causes of action related to real property, the claimant must establish the imminent impairment of an interest in the property). The Comanche Nation has no interest in the Apache Wye, and regardless of the outcome of this litigation, the Comanche Nation will continue to have no interest or jurisdiction over the Apache Wye. *Quapaw Tribe of Oklahoma v. Blue Tee Corp.*, 653 F. Supp. 2d at 1188

Lastly, the FSAT Defendants do not concede that the Treaties of Medicine Lodge are applicable to the current circumstances, but if they were applicable, the Fort Sill Apache Tribe has the approval of the Kiowa Nation via the Settlement for the Apache Wye to be taken into trust for the Fort Sill Apache Tribe's benefit. *See* Ratified Indian Treaty 364: Kiowa and Comanche – Medicine Lodge Creek, Kansas, October 21, 1867,

https://catalog.archives.gov/id/179022743?objectPanel=transcription&objectPage=7

(Last visited March 21, 2024, 12:13 PM); *see also Notice of Settlement,* Doc. No. 117.

Because the Comanche Nation has no interest in the land at issue in this dispute and because the Fort Sill Apache Tribe has received the approval of the Kiowa Tribe to proceed with its activities on a former Kiowa Tribe Allotment, the Comanche Nation's claims under the Treaties of Medicine Lodge must be dismissed for their failure to establish an imminent impairment of the Comanche Nation's interest in the Apache Wye.

### d. The Comanche Nation Cannot Argue that Its Approval is Required for the Apache Wye to be Transferred into Trust for the Fort Sill Apache Tribe from the Kiowa Tribe

On March 23, 2005, the Comanche Nation filed a Complaint against the United States of America, the United States Department of the Interior, Gale A. Norton, Secretary of the Interior, and James Cason, Assistant Secretary of the Interior regarding the transfer of former Comanche Allotment 2329 to the Fort Sill Apache Tribe. *See Comanche Nation, et al. v. United States of America, et al.*, Case No 5:05-cv-00328-F, Doc. 1 (the "2005 Litigation"). In its Complaint, the "Comanche Nation [sought] a declaration and injunction against the Department of Interior's unlawful abrogation of the Comanche Nation's Treaty-reserved rights." *Id.* Neither the Kiowa Tribe nor the Apache Tribe of Oklahoma were parties to the 2005 Litigation, despite being signatories to the Treaties of Medicine Lodge.

In its complaint initiating the 2005 Litigation, the Comanche Nation alleged that the transfer of former Comanche Allotment 2329 to the Fort Sill Apache Tribe was a treaty violation because: 1) the FSA Tribe was required to obtain a license from the Comanche Nation pursuant to a ruling by the BIA; 2) the Comanche Nation was not provided with

notice regarding the purchase and transfer into trust of former Comanche Allotment 2329; 3) the Comanche Nation had taken no action to relinquish its jurisdiction over former Comanche Allotment 2329; and 4) as a result, any gaming on former Comanche Allotment 2329 was to be governed by Comanche law. *Id.* at ¶¶24-33.

This litigation was eventually settled with neither side conceding its position. *See Comanche Nation, et al. v. United States, et al.*, Case No 5:05-cv-00328-F, Doc. No. 81-2. Neither the Kiowa Tribe nor the Apache Tribe of Oklahoma were part of the settlement. *Id.* The Comanche Nation now argues that, pursuant to the First and Second Treaties of Medicine Lodge, a change in jurisdiction over any property within the (now non-existent) KCA Reservation must receive the individual consent of each of the Kiowa Tribe, Apache Tribe of Oklahoma and the Comanche Nation. Doc. No. 53, p. 1. Although allegedly, the Apache Tribe of Oklahoma has the same rights under the Treaties of Medicine Lodge as the Comanche Nation and the Kiowa Tribe, the Comanche Nation conveniently failed to mention the Apache Tribe of Oklahoma's disputed rights before this Court in any pleading. This was done because the Apache Tribe of Oklahoma refused to join the Comanche Nation in either the 2005 Litigation, or this present lawsuit.

The FSA Defendants have argued that the Apache Tribe of Oklahoma is a necessary party to this litigation based on the Comanche Nation's own position regarding jurisdiction within the disestablished KCA Reservation. *See Motion to Dismiss* (Doc. No. 59), pp. 19-20. The truth is, the Comanche Nation is quite happy to exercise jurisdiction over land within the disestablished KCA Reservation without the approval of the Kiowa Tribe or the Apache Tribe of Oklahoma when it suits it, but then argues that the consent of all

11

signatories to the Treaties of Medicine Lodge are required when the Kiowa Tribe and Apache Tribe have no interest in joining the Comanche Nation's schemes.

When it was in the Comanche Nation's best interest to settle the 2005 Litigation regarding a former Comanche Allotment without the consent or approval of the Kiowa Tribe or Apache Tribe, it settled the 2005 Litigation. When it suits the Comanche Nation's schemes that all signatories to the Medicine Lodge Treaties must approve a transfer for jurisdiction, it argues the opposite. The fact is the KCA Reservation was disestablished in 1900, and the Comanche Nation has no jurisdiction over any land pursuant the terms of the First and Second Treaties of Medicine Lodge, including the Apache Wye.

### III. Conclusion

For the reasons stated above, the Plaintiff's claims alleged in their First Amended Complaint should be dismissed with prejudice. The FSAT Defendants further request an award of attorney fees and costs as well as any other relief available under law or equity.

Dated: March 21, 2023

                                      *s/ Joshua D. Wells*
Joshua D. Wells, Bar No. 22334
Victoria Holland, Bar No. 33197
A. Daniel Woska, Bar No. 9900
Valerie R. Devol, Bar No. 19624
jwells@devollaw.com
vholland@devollaw.com
dwoska@devollaw.com
vdevol@devollaw.com
DEVOL AND ASSOCIATES
15205 Traditions Lake Parkway
Edmond, OK 73003
Telephone (405)225-2300
Facsimile (405)225-2301

*Counsel for Fort Sill Apache Defendants*

**CERTIFICATE OF SERVICE**

  I, Joshua D. Wells, certify that on March 21, 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records on file, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

                 *s/ Joshua D. Wells*